ORD. PET.

Case 9.

## Williams *vs.* Langford.

### APPEAL FROM BOYLE CIRCUIT.

1. The Code requires that distinct matters of defense be set out in distinct paragraphs; but setting them out in the same paragraph is not cause of demurrer. A motion to strike out and have the matter stated in distinct paragraphs, is the mode of reaching the irregularity.
2. A defense insufficiently pleaded in the same paragraph with matter which is well pleaded, may be demurred to.
3. A plea of accord and satisfaction, avering payment and acceptance of a less sum than is *due*, is not good.

Case stated.

This suit was brought by the administrator of Williams against David Langford, (a man of color,) who was the slave of Williams until the 23d of September, 1842, when he was emancipated by deed duly admitted to record. On the day after the date of the deed of emancipation, Langford, with four others as his sureties, executed and delivered to Williams a covenant by which Langford was bound to pay, in consideration of his being emancipated, to Williams one hundred dollars a year during the life-time of Williams, and if Williams should survive David, then during the natural life of David; payable in equal installments on the 1st of January and 1st of July in each year, commencing with January, 1843. This

suit was brought on the 17th of January, 1852, by the administrator against the surviving obligors in the covenant. It is averred in the petition that Williams died on the 8th day of January, 1850, and that the installments due upon the covenant were due and unpaid.

The defendants in their answer say that they have well and truly paid to Williams in his life-time all that he claimed and all that was due upon the covenant. That Langford, a short time before the death of Williams, paid him one hundred dollars, which was accepted by him in full discharge of the covenant sued on, and which was all that was due and claimed by Williams.

The plaintiff demurred to the answer, but the court overruled the demurrer, and the parties went to trial on the issue formed by the petition and answer, and a jury, upon the third trial, found a verdict for the defendants. The plaintiff moved for a new trial, on the ground that the court erred in overruling the demurrer and instructions given to the jury; which motion being overruled, the defendants have appealed to this court.

*J. Harlan and J. T. Boyle*, for appellant—

Two questions are presented: 1. Did the Circuit Court err in overruling the demurrer to the answer?

2. Did the court err in giving instructions and overruling the motion for a new trial?

1. The answer is not responsive to the allegations set up in the petition. It does not show how and when the payment was made in discharge of the covenant. It does not show that all the money which was due on the covenant when Williams died had been paid. It is in other respects defective for the reasons stated in the demurrer.

2. The Circuit Court should have granted a new trial because the verdict was not authorized by the evidence. This is manifest when the evidence is scrutinized.

The covenant is to pay one hundred dollars per year, in half yearly payments, on the 1st of January, and 1st of July, and commenced January, 1843; so that seven hundred dollars was due when the suit was brought.

The testimony arising out of the receipt for fifty dollars and that for ninety dollars may be taken as payment of the installments up to the 1st of July, 1844. Giving the testimony in regard to other payments the most favorable construction for the defendant, only two hundred and fifty dollars was paid of the seven hundred due, which leaves due upon the covenant four hundred and fifty dollars, on the 1st of January, 1850. And the verdict is not sustained by the proof, and a new trial should have been granted.

*Fox & Bell,* for appellee—

The answer shows a valid defense to the action. 1. Payment in full. 2. Covenants performed, which only slightly varies the plea of payment, and which under the Code is a good defense. 3. The payment of a sum certain in full of the whole *prospective* demand, together with that due when this sum was paid, which is doubtless a good defense, that sum being when paid more than the amount due when it was paid.

There is, we insist, enough in the record to sustain the defense. The receipt in full of all demands, and which is not questioned, together with the statement of the witness, who says "Williams was to get one hundred dollars altogether, which I understood would be in full of all demands he had against Langford," make an amount of testimony sufficient to uphold the finding of the jury, and induce this court to sustain the decision of the court. After this payment no demand was subsequently made by Williams, showing that he regarded the claim as satisfied. The fact that there were two hung juries in the case previously to the finding of this jury is sufficient to show that the testimony was sufficient to convince the majority

of minds that the demand had been satisfied. We
ask an affirmance.

Judge CRENSHAW delivered the opinion of the Court— June 16.

It is manifest that the proof does not show pay-
ment of all the installments provided for in the cove-
nant down to the death of Williams.  So far, there-
fore, as full payment or "covenants performed," is re-
lied upon in the answer, the defense was not sustain-
ed by the testimony.

The answer sets out three matters of defense, to-
wit: payment, covenants performed, and accord and
satisfaction by the payment of one hundred dollars a
short time before the death of Williams.

The answer was demurred to, because these differ-
ent matters of defense were not set out in separate
and distinct pragraphs, and because the matter of
accord and satisfaction was not sufficiently pleaded.
However desirable it may be that the requisitions of
the Code should be conformed to in all respects, the
fact that the different defenses were not set out in
separate paragraphs is not cause of demurrer, but of
a motion to the court to have the different defenses
set out in distinct paragraphs.

These different defenses, however, were as distinct
as set out, as if they had been contained in separate
paragraphs; and the demurrer ought not to have
been to the whole answer, which contains two valid
defenses, but only to that part of the answer which
relied upon accord and satisfaction.  The two de-
fenses of payment and covenants performed were
well pleaded, but the defense of accord and satisfac-
tion is not well pleaded, and the demurrer ought to
have been sustained to this latter defense, had it been
to this part of the answer only; but, being to the
*whole* answer, which presented some good defenses, it
was properly overruled.

In order that the defense of accord and satisfaction
should be availing, it was not sufficient to allege that
one hundred dollars had been paid to Williams a

1. The Code
requires that
distinct matters
of defense be
set out in dis-
tinct para-
graphs, but set-
ting them out
in the same par-
agraph is not
cause of demur-
rer.  A motion
to strike out and
have the mat-
ters stated in
distinct para-
graphs, is the
mode of reach-
ing the irregu-
larity.

2. A defense
insuffi c i e n t l y
pleaded in the
same paragraph
with    matter
which is well
pleaded, may be
demurrer to.

3. A plea of
accord and sat-
isfaction, aver-
ing  payment
and acceptance

short time before his death, and that he received this sum in full satisfaction of the covenant sued on ; but in order to constitute the defense a good one, it ought to be made appear in the answer, that at the time of such payment and acceptance, *less* than the sum paid was then due upon the covenant. This the answer does not attempt to show. And the court, in its instructions to the jury, ought to have disregarded this defense. But instead of doing so, the court instructed the jury that if they believed from the evidence, that *a sum* had been paid and accepted by Williams in full of the covenant sued on, they must find for the defendant. If this sum was then due, its payment and acceptance in full satisfaction cannot bar the action.

Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.